**MARTINA, Admrx. v STONE et**

Common Pleas Court, Hamilton Co

No A-71489. Decided March 5, 1941

Spencer M. Jones and Stanley A. Silversteen, Cincinnati, for plaintiff.

Carl W. Rich, prosecuting attorney, Walter M. Locke and Edward Strasser, asst. prosecuting attorneys, Cincinnati, for defendants.

## OPINION

By MORROW, J.

Plaintiff states she is administratrix of the estate of a person who was struck by a truck operated by a man "employed as a laborer and truck driver" by said defendant, W. Allen Stone, in his capacity as county engineer, and that by virtue of such appointment the said truck driver was under the supervision and control of said county engineer.

As a second cause of action it is stated that the Standard Accident Insurance Company is surety on the bond of the defendant W. Allen Stone, county engineer, and said W. Allen Stone and the Standard Accident Insurance Company bound themselves to answer and to respond in damages to any one injured by reason of the wrongful act of said defendant, W. Allen Stone, in his official capacity as engineer of Hamilton County.

Damages for wrongful death are claimed against said W. Allen Stone by

reason of the acts of said W. Allen Stone and the said Arthur Mills, the laborer and truck driver, and it is said the Insurance Company is liable upon their bond.

A demurrer was filed to this petition on the ground that the petition does not state a cause of action against the defendants and that the defendants are improper parties.

## I.

It seems to me that this is a matter of statutory construction. Chapter 6 (County Engineer) General Code sets forth the laws concerning the county engineer, whose former title of county surveyor was changed to county engineer by §2762-1 GC which states:

" * wherever the words 'county surveyor' are found in any section of the General Code, they shall be * * * read 'County engineer' ".

**Sec. 2784 GC** provides:

"the county engineer shall give bond signed by a bonding or surety company * * * conditioned for the faithful performance of his official duties."

Furthermore, §2791 GC sets forth:

"Any person injured by the misconduct or neglect of the county engineer or his deputy may bring an action on his official bond and recover judgment for any loss or damage sustained by reason thereof."

**Sec. 2981 GC** provides (referring to the county engineer among others):

"Such officers may appoint and employ necessary deputies * * * for their respective offices * * *."

Chapter 8, "county engineer", §7198 GC, states:

"The county engineer may when authorized by the county commissioners employ such laborers and teams * * * as may be necessary in the construction, reconstruction, improvement, maintenance or repair of roads, bridges and culverts by force account."

(By "force account" is meant pursuant to an emergency, not voluntarily.)

It will be observed that the petition in this case is asking for a judgment against the county engineer by reason of an alleged tortious act "of a laborer and truck driver," employed by said engineer. Any liability of the county engineer, I take it, would be statutory, and it does not appear unequivocally from the petition that the statutes quoted (2784 and 2791) authorize an action on the official bond of the county engineer except for injury by the "misconduct and neglect of the engineer or his deputy."

In view of the fact that the other statute, (§7198) authorizes employment of laborers and teams, and §2981 authorizes appointment of and employment of necessary deputies, it would appear that one in the category of a laborer is not a deputy, since one statute talks about laborers and the other about deputies.

This petition, in view of the statutory rule, **"inclusio unius est exclusio alterius"** would seem to be defective in that there is no warrant in the Ohio statute for holding the county engineer on his official bond for any tortious conduct of a laborer or truck driver not included in the classification of a "deputy".

In short, it appears from the present statute that if this petition had alleged that the laborer and truck driver was a deputy county engineer employed as a laborer it might be necessary to overrule this demurrer.

## II.

However, the attorney for the plaintiff here goes a step further in his argument and claims that there would be a liability here on the part of the county engineer if there were no statutes providing for a bond for the county engineer, and for suit on the bond by one injured by the misconduct or neglect of the county engineer. That is

to say, the attorney for the plaintiff argues that there would be a liability without §§2784 and 2791 GC because the law relied upon by the defendant herein prevents recovery by suit against the county or the state but not against a county official. It is his position that the defense that employee was engaged in a "governmental" act, is not open to the county engineer.

While I have no Ohio cases directly in point, Corpus Juris Secundum, No. 20, p. 952, par. 139, states as follows:

"County officials exercising ordinary care in selection of subordinates, whose reliability they have no reason to question, properly instructing them and exercising ordinary care to see that they perform their duties properly, are not liable under the rule of respondeat superior for their negligence."

There are cited two recent cases, one Lowe v Storozyszyn, 83 Pac. (2nd) p. 170, (Oklahoma) and the third syllabus of this case is substantially the same as the quotation immediately above stated. The second syllabus by the court reads as follows:

"County officials exercising ordinary care in the selection of subordinate employees, whose reliability they have no reason to question, properly instructing them and exercising ordinary care to see that they properly perform their duties, are not liable under the rule of respondeat superior for their negligence in detail of work entrusted to them, they being employees of the county and not of such officers."

In that case a bridge out of repair was charged to have been the proximate cause of an injury to plaintiff.

Also, a well considered case, Vance v Hale et, found in 2 S. W. Rep., (2nd) p. 94, (Tennessee) syllabus two states:

"County officials exercising ordinary care in selection of subordinate employees whose reliability they have no reason to question, properly instructing them and exercising ordinary care to

see that they properly perform their duties, are not liable under the rule of respondeat superior for their negligence in detail of work entrusted to them, they being employees of county, not of such officers."

In that case certain subordinate employees concerned with the erection of a bridge, were employed also in the erection of barriers and placing warning signs, and it was claimed that they failed so to do, whereby the injury was incurred, and which was complained of.

In both of these cases it will be noted the officials were county engineers and the negligence charged was that of their subordinates.

It will appear from these cases that the petition herein should have contained some allegation to the effect that the reliability of the driver of the truck in this case was open to question, that he had not been properly instructed how to drive a truck by the county engineer, and that the county engineer had not exercised ordinary care to see that such driver and laborer properly performed his duties. In the absence of such allegations it would appear, upon a broader theory of the plaintiff in this case, that her petition is open to demurrer.

Since plaintiff has not tied up her claim with the statutes by an allegation that the truck driver was a deputy engineer it would appear the facts as pleaded do not justify the view that there has been a proper suit upon the bond inaugurated here. I am assuming from the language of the petition that plaintiff refers to the bond mentioned in §§2784 and 2791, and that the bonding company's bond is the bond mentioned in such sections.

In the second place, aside from the statutes, it would appear that sufficient allegations have not been made in order to fix liability upon the county engineer in this case, and in view of the authorities just quoted, which denominate such employees as the laborer and truck driver mentioned in this suit

# 630

"employees of the county and not of the county engineer".

For the reasons above given, therefore, the demurrer to the petition is sustained.